IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WEB ANALYTICS DEMYSTIFIED, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **KEYSTONE SOLUTIONS, LLC**, <br><br> Defendant. | Case No. 3:13-cv-01304-SI <br><br> **OPINION AND ORDER ON PREJUDGMENT INTEREST** |

Katherine R. Heekin and Diana Fedoroff, THE HEEKIN LAW FIRM, 808 SW Third Avenue, Suite 540, Portland, OR 97204. Of Attorneys for Plaintiff.

Jonathan M. Radmacher, McEWEN GISVOLD LLP, 1100 SW Sixth Avenue, Suite 1600, Portland, OR 97204. Of Attorney for Defendant.

**Michael H. Simon, District Judge.**

Defendant's proposed jury verdict form includes the following question: "Is Plaintiff entitled to an award of prejudgment interest?" Dkt. 92. As discussed during the telephone conference held on September 30, 2015, the Court has considered whether entitlement to prejudgment interest is a question that is appropriate for the jury. For the reasons stated below, because Plaintiff seeks statutory prejudgment interest under Oregon law, rather than contractual prejudgment interest, the issue is for the Court and not the jury.

PAGE 1 – OPINION AND ORDER

## DISCUSSION

In this diversity case, Plaintiff seeks recovery for breach of contract. The Court has already entered partial summary judgment in favor of Plaintiff on all contract liability issues. Dkts. 62 and 76. All that remains for trial is the determination of Plaintiff's damages. The parties' written contract does not provide for the recovery of prejudgment interest as a matter of contract damages. Dkt. 41-1. Thus, Plaintiff seeks prejudgment interest under Oregon Revised Statutes ("ORS") § 82.010(1)(a).

State law governs the award of prejudgment interest in diversity cases. *In re Cardelucci*, 285 F.3d 1231, 1235 (9th Cir. 2002). Under Oregon law, prejudgment interest generally cannot be awarded in the absence of either a contractual or a statutory provision authorizing such an award. *Strawn v. Farmers Ins. Co. of Oregon*, 353 Or. 210, 239 (2013). In Oregon, most claims for prejudgment interest arise under ORS § 82.010 when the person against whom prejudgment interest is sought has breached a duty to pay money. *Id.* at 240. ORS § 82.010(1)(a) authorizes an award of interest on "[a]ll moneys after they become due."

In Oregon, a trial court may award prejudgment interest on damages only when both the amount of damages and the time from which interest should run are ascertained or easily ascertainable. *Strader v. Grange Mut. Ins. Co.*, 179 Or. App. 329, 338 (2002) (citing *Public Market Co. v. Portland*, 171 Or. 522, 625 (1943)). "[I]t is well settled that 'even though damages are not ascertainable until issues of fact have been decided [by the jury], prejudgment interest is proper.'" *Strader*, 179 Or. at 339.

Further, a trial court may award prejudgment interest after a jury resolves any factual disputes involving the amount of damages owed. For example, in *Strader*, the Oregon Court of Appeals considered whether the trial court properly awarded the plaintiffs prejudgment interest. 179 Or. App. at 338. Defendant argued that the amount owed was not ascertained or easily

PAGE 2 – OPINION AND ORDER

ascertainable for two reasons: (1) plaintiffs submitted different amounts at different times before and during trial; and (2) the amount plaintiffs ultimately pleaded differed from the amount defendant offered, and both these amounts differed from the jury's determination. *Id.* The appellate court cited the line of Oregon cases holding that "'[t]he facts that defendant disputed any liability and that the jury did not award plaintiff all the damages that it sought are insufficient grounds to deny prejudgment interest.'" *Id.* at 339 (alteration in original). The court concluded that the jury resolved the disputed fact issue regarding the amount of damages defendant owed to plaintiffs for breach of contract and that consequently the trial court did not err in awarding prejudgment interest. *Id.* at 339-40.

A trial court, however, must deny an award of prejudgment interest if the necessary factual findings remain in dispute after a trial. In *Farhang v. Kariminaser*, 232 Or. App. 353 (2009), the court considered whether the trial court erred in denying the plaintiff prejudgment interest. *Id.* at 355. The trial court denied the plaintiff's request for prejudgment interest on the grounds that the amount of interest could not be easily ascertained because: (1) there was a factual dispute over when the defendant last made any payments on a loan; (2) there was a factual dispute over whether those payments were for principal or interest; and (3) the verdict form did not ask the jury to resolve those factual disputes. *Id.* On appeal, the court stated that "because there was no special verdict, plaintiff's initial burden on appeal is to demonstrate that the trial court erred in concluding that there was a factual dispute over the date when the defendant made his last payment on the loan obligation." *Id.* at 356. The appellate court found that the plaintiff failed to show the date on which the defendant made his last payment and that the date of the defendant's last payment was not in dispute before the trial court. *Id.* at 356-57.

The final question is whether the right to recover prejudgment interest is to be determined by the court (the trial judge) or by the jury. The answer to this question under Oregon law depends on whether the right to recover prejudgment interest is created by statute or by contract.

In Oregon, "[s]tatutory prejudgment interest must be determined by the court after trial, not by the jury during trial." *Acradyne Corp. v. Euro-Herramientas, S.A.U.*, 2007 WL 128996, *5 (D. Or. Jan. 12, 2007) (citing *Cascade Corp. v. American Home Assur. Co.*, 206 Or. App. 1, 15-16 (2006)); *see also Nat'l Mgmt. Serv. Co. v. Qwest Dex, Inc.*, Case No. CV-01-1772-HU (D. Or. Nov. 30, 2005) ("[T]he issue of prejudgment interest is one of law for the court and would arise only if plaintiff obtained a damages verdict.").

When a claim for prejudgment interest is based on a contractual provision, however, Oregon law requires that a jury determine whether to award prejudgment interest, but not necessarily its precise amount. In *Langfus, Inc. v. Queirolo*, 64 Or. App. 493 (1983), a contract between the plaintiff and the defendants provided that past due accounts carry interest at eighteen percent per annum. *Id.* at 497. After a jury awarded the plaintiff actual damages, the trial court entered judgment against defendants for the sum of what the jury awarded plus the Court's calculation of prejudgment interest at the rate of eighteen percent. *Id.* On appeal, the Oregon Court of Appeals held: "Although the jury is not required to compute the amount of interest, the verdict must provide for the recovery of interest before the court may include interest in the judgment and compute the specific amount due." *Id.* Because the verdict in *Langfus* did not mention or include interest, the appellate court found that the trial court improperly awarded prejudgment interest. *Id.*

## CONCLUSION

Plaintiff does not seek prejudgment interest against Defendant under a contractual provision, only pursuant to statute. Thus, although certain underlying factual issues, including

PAGE 4 – OPINION AND ORDER

the amount of damages and the date from which interest begins to run must be decided by a jury, if there is a genuine dispute on those issues, before prejudgment interest may be awarded, the question of whether statutory prejudgment interest is easily ascertainable is one of law for the Court. Thus, Defendant's proposed verdict question is not appropriate for the jury.

**IT IS SO ORDERED**.

DATED this 13th day of October, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge